[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on April 10, 1993, in Cape Cod, Massachusetts. By complaint dated July 28, 1999, the wife instituted this action claiming a dissolution of marriage, alimony, custody of the minor child, child support, an equitable division of the relevant personal property, counsel fees, restoration of her maiden name, and other relief as law and equity might provide. On November 9, 1999 Defendant Husband filed a cross complaint claiming a dissolution of marriage, allowance to prosecute, custody of the minor child, support and equitable division of the assets pursuant to Section 46b-81 of the Connecticut General Statutes, and such other relief in equity and at law as the Court may deem just and proper.
The parties have one minor child issue of their marriage: Amanda Lewis, born on September 3, 1993. The husband is age 48 and in good health. The wife is age 32 and in good health.
The Court finds that the marriage has irretrievably broken down. The breakdown resulted from the parties inability to communicate with one another.
Both prior to and during the commencement of this action, the wife made allegations of criminal misconduct by the Husband regarding the minor child. Those allegations precipitated the involvement of the Department of Children and Families and the Juvenile Court.
Accordingly, the issues of custody, visitation, and child support will not be addressed in this opinion. The Decision regarding custody and visitation is being rendered by the Juvenile Court on this date.
The Court finds that residence requirements have been satisfied, and that neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 81 5J of the General Statutes were CT Page 8010 considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties.
ORDERS:
 Dissolution of Marriage
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on June 28, 2002.
Alimony
The Husband, pursuant to a pendente lite order, is currently paying the car payment and insurance for the 1995 Jeep Cherokee which is driven by the wife and owned jointly. The monthly car payment is approximately $440.00 per month and there are 10 payments remaining. The Husband is ordered to continue to make said car payment and carry car insurance on the 1995 Jeep until the loan is paid in full. When the loan is paid in full the Husband shall sign all necessary title documents to transfer title to the wife within one month of the final loan payment. The Husband shall carry car insurance on the vehicle until the title is transferred to the wife.
In addition to the insurance and loan payments, the Husband shall pay to the wife the sum of $20,000.00 as lump sum alimony. This amount shall be paid to the wife on or before October 1, 2002. This lump sum payment shall not be taxable to the wife or deductible by the Husband.
Medical Insurance — Child
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the child through his employer.
Medical Expenses — Minor Child
The parties shall equally contribute unreimbused medical expenses including psychological and psychiatric treatment for the minor child.
Medical Insurance — Wife
The Wife shall be responsible for her own medical insurance coverage.
Life Insurance — Minor Child
Each parent shall maintain $100,000.00 in life insurance coverage naming the minor child as irrevocable beneficiary and shall provide proof CT Page 8011 that such coverage is in force annually.
Personal Property
The wife shall have the following items from the marital home: two trunks built by her grandfather, and her clothes. Mr. Lewis shall retain all other items in the house and his boat. Each party shall retain their respective bank accounts. The parties have divided all other personal property and shall retain all property in their respective names and separate possession
Real Property
The Husband was the owner of 43 Bankside Road, Sandy Hook, CT for several years before the marriage. The property is listed in his name. The Wife vacated the property several years ago. The Husband shall retain said property. The Court has considered the length of the marriage, and the Husband's work on the house during the length of the marriage. It is envisioned by the Court that Mr. Lewis may have to refinance the house in order to pay the $20,000.00 lump sum payment on or before October 1, 2002.
Division of Debts
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit as well as any debts in his name that are not listed on his financial affidavit. The Wife shall be responsible for the debts on her financial affidavit as well as any debts in her name that are not listed on her financial affidavit.
Attorney Fees
The parties shall each be responsible for their own attorney fees. The parties shall equally share the cost of the fees for the attorney for the minor children. The Husband is current on his share of the fees, and the Wife owes Attorney Julie Foster the sum of $3,000.00 which shall be paid by the Wife to Attorney Foster or before October 1, 2002.
Tax Returns
The parties shall file separate tax returns for the year 2002 and thereafter.
Change of Name
The Wife's maiden name is hereby restored to TRACIE MACOMBER CT Page 8012
Motor Vehicles
The parties shall be entitled to their respective motor vehicles. Mr. Lewis shall retain his 1997 Jeep Wrangler and Mrs. Lewis shall retain the 1995 Jeep Cherokee.
Pension/IRA
The Wife shall retain her 401K plan free of any claim from Mr. Lewis shall retain his pension plan free from any and all the Husband. Mr. Lewis shall retain his pension plan free from any and all claims made by Mrs. Lewis. The parties will release and forever forego any claim against each other's pension or retirement plan.
Miscellaneous
Each party shall sign any necessary documents to effectuate the orders contained herein.
Dennis Eveleigh, J.